**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 1:16-CR-89 |
| | ) |
| v. | ) Count 1: 18 U.S.C. § 371 |
| | ) (Conspiracy to Commit Theft) |
| RICHARD JOHN OHLHAVER, | ) |
| (Counts 1-5) | ) Count 2: 18 U.S.C. § 641 |
| | ) (Theft of Government Property) |
| PAMELA TERESA BENSON, | ) |
| (Counts 1-4 and 6) | ) Count 3: 42 U.S.C. § 408(a)(4) |
| | ) (Concealment of Event Affecting Right |
| Defendants. | ) to a Title II Benefit) |
| | ) |
| | ) Count 4: 18 U.S.C. § 1029(a)(2) |
| | ) (Access Device Fraud) |
| | ) |
| | ) Count 5: 18 U.S.C. § 408(a)(3) |
| | ) (False Statement for Use in Determining |
| | ) Right to a Title II Benefit Payment) |
| | ) |
| | ) Count 6: 18 U.S.C. § 1028A |
| | ) (Aggravated Identity Theft) |
| | ) |
| | ) Forfeiture Notice |
| | ) |
| | ) The Honorable Anthony J. Trenga |
| | ) |

**INDICTMENT**

April 2016 Term - at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

**General Allegations**

At all times relevant to this Indictment:

1.     The Social Security Administration ("SSA") was an agency of the United

States within the United States government which administered programs under the

Social Security Act, Title 42, United States Code, Section 301, et seq. ("the Act").  These

1

programs included the Social Security Old-Age, Survivors, and Disability Insurance and related programs under Title II of the Act ("Title II Program").

2.      The Title II Program included the Retirement Insurance Benefits Program, which paid monthly cash benefits to individuals who had worked and paid taxes to SSA. To be eligible for monthly cash benefits, individuals must have reached the age of 62 and paid a portion of their prior wages into the program. Benefits eligibility and payment amount were determined based on the age of the beneficiary at retirement and the average salary and number of years of employment.

3.      J.O. was born in 1925 and began collecting Retirement Insurance Benefits in 1990, based on her own earnings record. J.O. died on October 26, 1995 in Annandale, Virginia. J.O. was the mother of defendant RICHARD JOHN OHLHAVER ("OHLHAVER").

## Count One
### (Conspiracy to Steal and Embezzle Government Property)

4.      Paragraphs One through Three of the general allegations are re-alleged and incorporated by reference as if they were set forth herein.

5.      From in or about October 1995 through in or about December 2015, in the Eastern District of Virginia and elsewhere, RICHARD JOHN OHLHAVER and PAMELA TERESA BENSON ("BENSON") did knowingly and intentionally combine, conspire, confederate and agree with each other, to embezzle, steal, purloin, and knowingly convert to their use and the use of another, any money of the United States and any department and agency thereof, whose value exceeded $1,000, in violation of Title 18, United States Code, Section 641.

### Purpose of the Conspiracy

6.      The primary purpose of the conspiracy was to obtain money from SSA to which the co-conspirators were not entitled by law, and to conceal from SSA the death of defendant OHLHAVER's mother, J.O.

### Manner and Means of the Conspiracy

7.      The named co-conspirators employed various means in furtherance of the conspiracy, including but not limited to means described in paragraphs 8 through 13 below.

8.      Defendant OHLHAVER was the reporting party on J.O.'s death certificate in 1995, and knew that J.O. was receiving Retirement Insurance Benefits on a monthly basis. OHLHAVER failed to report J.O.'s death to SSA, in order that her benefits would continue to be paid.

9.      After J.O.'s death, defendants OHLHAVER and BENSON gained access to J.O.'s checking account at Riggs Bank (later PNC Bank), into which account J.O.'s SSA benefits were paid by direct deposit. The defendants, who reside together in

3

Annandale, Virginia, spent J.O.'s SSA benefits on their own personal expenses, including for food, property taxes, telephone services, utilities, and car insurance.

10. Defendants OHLHAVER and BENSON accessed J.O.'s checking account by using a debit card issued in J.O.'s name to make cash withdrawals and point-of-sale purchases. Some of these transactions occurred in Annandale, Falls Church, and other locations in the Eastern District of Virginia.

11. Defendants OHLHAVER and BENSON activated debit cards issued in J.O.'s name by Riggs Bank and PNC Bank after J.O.'s death, and mailed to the defendants' residence in Annandale, Virginia. At no time did either defendant have signature authority for J.O.'s checking account.

12. When SSA attempted to contact defendant OHLHAVER regarding the whereabouts of J.O., he avoided contact. On at least one occasion in 2015, OHLHAVER stated to a SSA employee that his mother was alive and residing at an assisted living facility, which statement he knew to be false.

13. In addition to concealing J.O.'s death from SSA, defendants OHLHAVER and BENSON concealed J.O.'s death from her prior employer, Litton Industries (later Northrop Grumman), in order to collect pension payments to which the defendants were not entitled. These pension payments, in the amount of approximately $400 per month, were paid by direct deposit to J.O.'s checking account and were spent by the defendants on various personal expenses.

### Overt Acts in Furtherance of the Conspiracy

14. In furtherance of the conspiracy, and to effect its illegal objects, on or about the dates listed below, in the Eastern District of Virginia and elsewhere, defendants OHLHAVER and BENSON committed the following overt acts, among others:

a.      On or about December 5, 2014, defendant OHLHAVER placed a telephone call to Washington Gas, a natural gas utility servicing the defendant's residence in Annandale, Virginia, and added defendant BENSON as an authorized user on his Washington Gas account.

b.      On or about December 5, 2014, defendant BENSON placed a telephone call to Washington Gas, and made a payment of $400 towards the defendants' outstanding balance using a PNC Bank debit card issued in the name of J.O.

c.      On or about December 3, 2015, defendant BENSON made a cash withdrawal in the amount of $500 at a PNC Bank branch located at 6950 Braddock Road, Annandale, Virginia, and using a PNC Bank debit card issued in the name of J.O.

d.      On or about December 4, 2015, defendant BENSON made a cash withdrawal in the amount of $500 at a PNC Bank branch located at 2964 Chain Bridge Road, Oakton, Virginia, and using a PNC Bank debit card issued in the name of J.O.

e.      On or about December 18, 2015, defendant OHLHAVER spoke by telephone with C.A., an employee of SSA. During the call, C.A. inquired whether OHLHAVER knew the whereabouts of J.O. Despite knowing that J.O. died in 1995, OHLHAVER falsely stated to C.A. that his mother was alive and resided in St. Augustine, Florida.

(All in violation of Title 18, United States Code, Section 371).

**Count Two**
**(Theft of Government Property)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs One to Three of the general allegations and Six to Fourteen of Count One are realleged and incorporated by reference as if fully set forth herein.

2.      During the period from in or about October 1995 and continuing until in or about December 2015, in the Eastern District of Virginia, RICHARD JOHN OHLHAVER and PAMELA TERESA BENSON, did knowingly, intentionally and willfully embezzle, steal, purloin and convert to their own use, on a recurring basis, money of a value in excess of $1000, belonging to SSA, to wit: Title II Program benefits issued to J.O., totaling $330,024.

(All in violation of Title 18, United States Code, Sections 641 and 2).

## Count Three
### (Concealment of Event Affecting Right to a Title II Benefit)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs One to Three of the general allegations and Six to Fourteen of Count One are realleged and incorporated by reference as if fully set forth herein.

2.      During the period from in or about October 1995 and continuing until in or about December 2015, in the Eastern District of Virginia, RICHARD JOHN OHLHAVER and PAMELA TERESA BENSON, having knowledge of the occurrence of any event affecting the initial and continued right to any payment of any other individual in whose behalf they have applied for and are receiving such payment, concealed and failed to disclose such event with an intent fraudulently to secure payment when no payment was authorized, to wit: the defendants knew that, after the death of J.O., the defendants were not entitled to receive or use for their own benefit the Title II Program benefits paid to J.O., and concealed and failed to disclose J.O.'s death to SSA with the fraudulent intent to secure J.O.'s Title II Program benefits for themselves.

(All in violation of Title 42, United States Code, Section 408(a)(4)).

## Count Four
### (Access Device Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs One to Three of the general allegations and Six to Fourteen of Count One are realleged and incorporated by reference as if fully set forth herein.

2.      During the period from in or about October 1995 and continuing until in or about December 2015, RICHARD JOHN OHLHAVER and PAMELA TERESA BENSON, knowingly and with intent to defraud, and in a manner affecting interstate commerce, used one or more unauthorized access devices, and by such conduct obtained cash, goods, and merchandise having an aggregate value of more than $1,000 during a one-year period.

(All in violation of Title 18, United States Code, Sections 1029(a)(2) and 2).

## Count Five
### (False Statement for Use in Determining Right to a Title II Benefit Payment)

THE GRAND JURY FURTHER CHARGES THAT:

1.    Paragraphs One to Three of the general allegations and Six to Fourteen of Count One are realleged and incorporated by reference as if fully set forth herein.

2.    On or about December 18, 2015, in the Eastern District of Virginia, RICHARD JOHN OHLHAVER, knowingly and willfully made a false statement and representation of material fact for use by SSA in determining rights to Title II Program benefit payments, to wit: defendant OHLHAVER falsely stated to SSA employee C.A. that J.O. was alive and resided at an assisted living facility in St. Augustine, Florida, when OHLHAVER well knew that J.O. died in 1995.

(All in violation of Title 42, United States Code, Section 408(a)(3)).

**Count Six**
**(Aggravated Identity Theft)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs One to Three of the general allegations and Six to Fourteen of Count One are realleged and incorporated by reference as if fully set forth herein.

2.      On or about December 3, 2015, in the Eastern District of Virginia, PAMELA THERESA BENSON did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: a PNC Bank debit card issued in the name of J.O., during and in relation to felony violations enumerated in 18 U.S.C. § 1028A(c), that is, theft of government property and access device fraud, as alleged in Counts Two and Four of this Indictment.

(All in violation of Title 18, United States Code, Section 1028A(a)(1)).

## Forfeiture Notice

Pursuant to Rule 32.2(a), the defendants are hereby notified that, if convicted of any of the offenses alleged in Counts One, Two and Four, above, they shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B), and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation or conspiracy to violate 18 U.S.C. § 641 or to a violation of 18 U.S.C. § 1029(a)(2), including, but not limited to, the following property:

> A sum of money equal to at least $330,024.00, representing the amount of proceeds obtained as a result of the offenses referenced above.

Pursuant to Title 21, United States Code, Section 853(p), the defendants shall forfeit the following substitute property to the United States of America, up to the value of the proceeds above-described, if, by any act or omission of the defendants, the proceeds above-described cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty:

> (a)  Real property located at 3907 Lincolnshire Street, Annandale, Virginia.

(All in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

Dated this _____ day of April 2016

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

Foreperson of the Grand Jury


Dana J. Boente
United States Attorney


_____
Paul K. Nitze
Special Assistant United States Attorney (LT)

Pursuant to the E-Government Act,
The original of this page has been filed
under seal in the Clerk's Office