**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | No. 1:16-CR-089-AJT-1 |
| : | |
| **RICHARD JOHN OHLHAVER,** : | |
| : | |
| Defendant. : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SECOND MOTION TO CONTINUE DEADLINE FOR REQUESTING A COMPETENCY HEARING AND FOR AN ORDER TO DISCLOSE CERTAIN MATERIALS UNDERLYING THE COMPETENCY REPORT**

COMES NOW the Defendant, Richard John Ohlhaver, by and through counsel, Vernida R. Chaney, and files this response to the government's second motion to continue deadline for requesting a competency hearing and for an order to disclose certain materials underlying the competency report, and therefore states the following:

1. On August 23, 2016, the court appointed Dr. Mitchell Hugonnet, a clinical and forensic neuropsychologist, to perform a competency to stand trial evaluation on Mr. Ohlhaver and file a report detailing such.

2. The government's motion moves for an order requiring Dr. Hugonnet to disclose to the government medical records and neuropsychological testing data, raw and adjusted scores, relied upon for the court-ordered competency evaluation and cited in the September 26, 2016 competency report.

3. Mr. Ohlhaver is incompetent and therefore, cannot consent to the release of his medical records to the government. Dr. Hugonnet concluded that Mr. Ohlhaver is not competent to stand trial and is unlikely to be restored to trial

1

competence. See *Dr. Mitchell Hugonnet Competency Report dated September 26, 2016*. While incompetent, Mr. Ohlhaver is unable to provide valid consent for a decision pertaining a critical proceeding in this criminal matter.

4. Alternatively, counsel has no authority to consent to the release of Mr. Ohlhaver's medical records to the government. Moreover, counsel has an ethical duty to not consent and must oppose the disclosure of Mr. Ohlhaver's confidential medical records.[1] See *Rule 1:14 of the Virginia Rules of Professional Conduct*.

5. Furthermore, the government fails to provide any authority that entitles disclosure of the records at this time. Pursuant to 18 U.S.C. § 4142, the parties are entitled to a competency report. The competency report shall include:

> (1) the person's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and— (A)if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4227(c).

6. The 10-page competency report complies with 18 U.S.C. § 4227(c) and provides details of Mr. Ohlhaver's social history, behavioral observations/mental status, neuropsychological testing results, DSM-5 diagnoses and Dr. Hugonnet's forensic opinion that Mr. Ohlhaver is not competent and unlikely to be restored to trial competence. Additionally, the report goes beyond the statute and includes the

---

[1] Counsel consulted with a Virginia State Bar Ethics attorney to determine counsel's ethically obligations.

2

competency to stand trial interview with Mr. Ohlhaver. *Dr. Mitchell Hugonnet Competency Report dated September 26, 2016, p.5.*

7. The competency report comports with the Code and provides extensive details for the government to consider the court-ordered competency evaluation. Without any authority to support disclosure of Mr. Ohlhaver's medical records and Dr. Hugonnet's testing data and notes, the government's motion should be denied.

8. The competency report was provided to the parties on September 26, 2016. Counsel consented to the government's first motion for a two-week extension to consider the competency report. As to date, the government had over a month to consider the competency report, retain an expert, and move for a competency hearing. Since the government had more than sufficient time to consider the competency evaluation, reports and forensic opinion, the government's motion for additional time, until November 18, 2016, should be denied.

WHEREFORE, defendant, Richard Ohlhaver, through counsel, respectfully requests this Honorable Court to deny the government's motion to order disclosure of medical records and testing data to the government and deny the government's request to continue the briefing schedule deadline to November 18, 2016.

    Respectfully submitted,
    Richard Ohlhaver
    By Counsel.
    _____/s/_____
    Vernida R. Chaney, Esq.
    Virginia State Bar No. 72385
    Chaney Law Firm PLLC
    4031 Chain Bridge Road, Suite 300
    Fairfax, Virginia 22030
    Phone: 703-879-6650
    Fax: 703-776-9008
    Email:vchaney@chaneylawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of October, 2016, I electronically filed this Motion with the Clerk of Court via the CM/ECF system, which will automatically provide a notification of such filing (NEF) to the following:

Paul K. Nitze, Esq.
Jamar K. Walker, Esq.
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314

                                                                         /s/
                                            Vernida R. Chaney, Esq.
                                            Virginia State Bar No. 72385
                                            Chaney Law Firm PLLC
                                            4031 Chain Bridge Road, Suite 300
                                            Fairfax, Virginia 22030
                                            Phone: 703-879-6650
                                            Fax: 703-776-9008
                                            vchaney@chaneylawfirm.com